JAMES BENNETT *vs.* O. P. WHITCOMB, Intervenor.

## July 1, 1878.

Intervention—Interest to Appear.—The interest essential to the right of intervention, under Laws 1876, *c.* 50, (Gen. St. 1878 *c.* 66, § 131,) must be an interest in the matter in litigation in the action, and of such a direct and immediate character that the intervenor will either gain or suffer loss by the direct legal operation and effect of the judgment that may be rendered therein.

Same—Appeal.—An order preventing a party from intervening, when he shows no such interest, is not an appealable order.

Plaintiff brought this action, in the district court for Olmsted county, against the defendant Jolly and others, to reform a power of attorney made by defendant Jolly, and a deed made thereunder, by correcting the description of lands therein contained. O. P. Whitcomb, the appellant, moved for leave to intervene and become a party to the action and file a complaint as intervenor, pursuant to Gen. St. *c.* 66, § 111, as amended by Laws 1876, *c.* 50. (Gen. St. 1878, *c.* 66, § 131.) The application was made on affidavit, and the proposed complaint, which alleged title in fee in the intervenor to the lands involved in the action, according to the corrected description sought to be inserted in the deed and power, as purchaser at a tax-judgment sale, and a pretended redemption from such sale by plaintiff, claiming to be the owner, and the issuance and record of a redemption certificate thereof. The proposed complaint of the intervenor denied the allegation of the plaintiff's complaint that the description sought to be corrected

was inserted by mistake. The motion was denied by *Mitch-ell*, J., and the intervenor appealed.

*Wilson & Taylor*, for appellant.

*Start & Gove*, for respondent.

CORNELL, J. The object of this action was to correct a misdescription of premises occasioned, as is alleged, by inadvertence and mutual mistake in the execution of certain powers of attorney, and a certain deed made in pursuance thereof, on September 22, 1876, for the purpose of conveying to the plaintiff certain premises purchased by him of the defendants, and to reform such instruments in conformity with the actual agreement and intention of the parties thereto. Defendants made no answer to the complaint, but suffered a default to be entered against them. After such a default, the appellant herein, Mr. Whitcomb, procured, upon his affidavit accompanied with a proposed complaint as intervenor, an order upon the plaintiff to show cause why, upon the facts and grounds therein stated, he should not be permitted to intervene in the action and become a party thereto, by filing and serving his said complaint, for the purpose of defending the action as such intervenor. Upon the hearing, the application was denied, and the order to show cause discharged. From this order the intervenor appeals to this court, and the plaintiff makes the preliminary objection that the appeal will not lie, because the order is not an appealable one, and a dismissal of the appeal is asked.

The statute (Laws 1876, *c.* 50, amendatory of Gen. St. *c.* 66, § 111,) under which the right to intervene is asserted, does not seem to contemplate the necessity of obtaining any prior leave of the court to serve and file a complaint, in order to become a party intervenor in an action. In case a party brings himself within the statute, by the facts stated in his complaint, his right of intervention would seem to be an absolute one, not dependent upon either the favor or discretion of the court. All he is required to do is to serve and file, within the proper time, the requisite complaint, and he thereupon

becomes a party to the action, with the right to be heard in respect to the matter in litigation so far as concerns any interest disclosed by the complaint, which he may have therein to be affected by its result. According to strict practice, therefore, the application of appellant for leave to file and serve the proposed complaint, as an intervenor herein, was wholly unnecessary; but we see no valid objection, however, to the course which the court pursued in this instance, with the consent of all parties, of considering the question sought to be raised by such application as to the right of the party to intervene upon the complaint—all the parties in interest being before it and heard—the same as though the question was properly raised, after complaint filed, upon a motion to strike the same from the files as being wholly unauthorized under the statute, and of determining it accordingly.

Thus considered and treated, the order which is the subject of this appeal is not an appealable one, under Gen. St. c. 86, § 8, subd. 6, because it is not an order made in a special proceeding, or upon a summary application in a civil action after judgment. The term special proceeding, as used in this clause of the statute, has no reference to any judicial proceeding or decision had or made in and during the progress of a civil action to judgment. The order in question was made in the civil action already commenced and pending, and, if appealable at all, it must be because of some other provision of the statute. It is not covered by the fifth subdivision of the same section, as is suggested by appellant's counsel, because it neither determined the action, nor prevented the rendition of a judgment therein. Does it fall within the third subdivison, as an order "involving the merits of the action, or some part thereof?" If the order, in its effect, passes upon or determines any positive legal right or interest of the appellant in the matter in litigation in the action, which, by the statute, he is authorized to interpose therein for adjudication, as an intervenor, or if it deprives him of any opportunity of intervening in respect to any such right or interest,

for the purpose of obtaining an adjudication thereon in such action, it may be said, to that extent, to involve in part the merits of such action. If, however, its only effect is to prevent him from intervening as a party in the action, for the assertion of rights wholly irrelevant and foreign to any matter involved in the litigation and controversy therein, it can hardly be said to affect in any way any part of the merits of said action. The character of the order in question, therefore, in this respect, depends upon the construction of the statute under which the right to intervene is asserted, and whether the facts disclosed in the complaint of intervention, considered in reference to the matters in litigation in the action between the original parties thereto, bring the cause within its provisions.

The statute provides that "any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against either, or both, may become a party to any action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, or either of them, either before or after issue has been joined in the cause, and before the trial commences. The court shall determine upon the issues made by the intervention at the same time that the issue in the main action is decided, and the intervenor has no right to delay; and if the claim of the intervenor is not sustained, he shall pay all the costs of the intervention. The intervention shall be by complaint, which must set forth the facts on which the intervention rests; and all the pleadings therein shall be governed by the same principles and rules as obtain in other pleadings." Laws 1876, *c.* 50. (Gen. St. 1878, *c.* 66, § 131.)

The doctrine of intervention, as embodied in the statute, evidently originated, in this country, in the civil code of Louisiana, whence it was subsequently taken and incorporated

into the jurisprudence of the states of California and Iowa, whose statutes upon this subject have been copied by us in almost their identical language. The question as to the meaning of the provision which, in terms, allows "any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against either or both," etc., to become an intervening party, has been before the courts of those states at different times, and has uniformly received one and the same answer. In *Gasquet* v. *Johnson*, 1 La. 425, 431, a leading case upon the subject, the suit was brought upon a bill of exchange, drawn by the defendants; but the plaintiffs' petition contained such a misdescription of the draft as was fatal to a recovery, unless it was allowed to be amended. Subsequent attaching creditors claimed the right to intervene, for the purpose of objecting to the power of the court to grant the amendment, on the ground that they had an interest in defeating a recovery in favor of the plaintiffs, because the debtor defendants' property was insufficient in amount to satisfy the claims of all their creditors. The court denied their right to intervene for that purpose, on the ground that such their interest was not "an interest in the matter in litigation, within the meaning of the statute." Speaking of an interest of that kind it says: "This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties; otherwise, the strange anomaly would be introduced into our jurisprudence of suffering an accumulation of suits in all instances where doubts might be entertained, or enter into the imagination of subsequent plaintiffs, that a defendant, against whom a previous action was under prosecution, might not have sufficient property to discharge all his debts; for, as the first judgment obtained might give a preference to the persons obtaining it, all subsequent suitors would have an indirect interest in defeating the action of the first. To authorize an intervention, therefore, the interest must be that created by a claim to the

demand, or some part of it, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of the litigation." For a very full collection of the authorities upon this subject, see Pomeroy on Remedies, §§ 426–431, and notes thereto appended. In *Horn* v. *Volcano Water-Power Co.*, 13 Cal. 62, the doctrine of *Gasquet* v. *Johnson* is cited with approval, and the true rule is thus tersely expressed: "The interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Under this rule, as is there declared, a simple-contract creditor of a common debtor has no right to intervene in a suit between the latter and another creditor, for the sole purpose of contesting the validity of the latter's claim, and preventing the recovery of a judgment thereon. The case of *Speyer* v. *Ihmels*, 21 Cal. 281, cited by appellant, gives no countenance to any different doctrine. There the question arose between a prior and subsequent attaching creditors of a common insolvent debtor. The subsequent attaching creditors were allowed to intervene in the action between the debtor firm Ihmels & Co., and Speyer, the first attaching creditor, for the sole purpose of securing a postponement of the prior lien which he had acquired under his attachment, and contesting the validity of his claim to that end, on the ground of its fictitious character, and that it was being prosecuted by collusion between plaintiff and defendants, with intent to defraud the *bona-fide* creditors of the latter, including the said intervenors. The principle of this decision is in entire harmony with the doctrine held in *Horn* v. *Volcano Water-Power Co.*, 13 Cal. 62.

In the case at bar, the proposed complaint of appellant discloses no interest in the matter in litigation between the original parties to the action, such as entitles him to intervene therein. The sole object of the action is to reform certain powers of attorney from defendants to one Sharpe, authoriz-

ing the sale and conveyance of a certain tract of land, and also the deed of conveyance given to plaintiff under such powers, in respect to an alleged misdescription of the premises intended to be conveyed, which occurred in both the powers of attorney and in the deed, through mutual mistake and inadvertence. As executed, they related to the east half, instead of the west half, of a certain quarter-section, as was intended. The reformation of these instruments, so as to conform to the actual agreement and understanding of the parties thereto, was the only purpose of the litigation in the action. The controversy respected the validity of no title, nor the possession of any land. It simply involved the inquiry, whether the land intended to have been described in the instruments in question was, in fact, the east or the west half of the quarter-section, according to the actual agreement of the parties thereto, and if there was an error in the description, whether it occurred through mutual mistake and inadvertence. In the determination of these questions, the claim of title and possession made by the intervenor to the land in question under the tax sale, and the alleged attempted redemption thereof by the plaintiff, are wholly irrelevant matters, entitled to no consideration, and incapable of being directly affected by any judgment that can be rightfully rendered in the action. Assuming the facts to be as stated in the intervenor's complaint, and that neither of the original parties to the action have any lawful title or right of possession to the lands, still the plaintiff is entitled of right, upon defendants' default, to his judgment reforming the erroneously made instruments. The intervenor sets up no claim under either of the parties to the action, neither does he connect himself as a party or privy to any of the conveyances or instruments sought to be corrected, and it is no concern of his whether the alleged mistakes therein are corrected or not, as both he and his alleged title are utter strangers thereto. Whatever judgment may be rendered between the original parties to the action, it is clear that he will not derive any

immediate gain, or suffer any loss, by its direct legal operation and effect. Such being the case, he has no right to a standing in court to be heard in such action in respect to his alleged claim, and the order appealed from was properly granted.

The order in no way involves the merits of the action, or any part thereof; as well might it be claimed that an order prohibiting him from intervening in the action, for the purpose of enforcing a claim against one of the parties thereto founded upon a personal tort, or upon a promissory note, was an adjudication upon any of his rights in respect to such action. It simply determines that, upon the alleged facts, he is an utter stranger to the matter in controversy, and hence has no right to interfere in the litigation. As bearing upon the appealable character of the order, as involving the merits, see *St. John* v. *West*, 4 How. Pr. 329, where a question somewhat analogous is discussed.

Appeal dismissed.