EUGENE SCHULER and Another v. T. M. McCORD COMPANY.

February 1, 1900.

Nos. 11,847—(195).

| 79 | 39 |
| s81 | 372 |

## Lien under Foreign Statute—Foreclosure in Minnesota.

Whether the holder of a statutory lien existing under the statutes of another state can, after the property covered thereby has been sold by the owner to a third person, and by him removed into this state, lawfully seize the property, and effect a foreclosure of his lien within this state, quære.

## Interpleader by Lienholder.

Where, however, such owner brings an action in this state against such third person to recover the purchase price of such property, such lienholder may be interpleaded, under G. S. 1894, § 5273, or he may intervene in the action, and assert his rights as fixed by the laws of the state where the lien exists, as fully and to the same extent as though the action was pending therein.

Action in the district court for Hennepin county to recover a balance of $125.10 due on a carload of wheat sold by defendant on account of plaintiffs. Defendant paid the amount demanded into court, and on its application L. B. Wood was substituted as defendant. From an order, Harrison, J., overruling plaintiffs' demurrer to the answer of defendant Wood, plaintiffs appealed. Affirmed.

*Alvord C. Egelston* and *A. S. Keyes*, for appellants.
Statutory liens are regulated by the laws of the forum, and can-

not be claimed by virtue of the laws of another state. 1 Jones, Liens, § 111; Gause v. Bullard, 16 La. An. 107. A statutory lien gives no vested right prior to its enforcement. Repeal of the statute, even after filing the claim of lien, annuls the lien. Bailey v. Mason, 4 Minn. 430 (546). Even could the lien be enforced in this state, the claimant must have seized the wheat, and foreclosed the lien as under a chattel mortgage. Seizure was the remedy given, and was exclusive. When a statute creates a right and provides a remedy, the statutory remedy is exclusive; and this although such remedy be impracticable or insufficient. City of Faribault v. Misener, 20 Minn. 347 (396); 23 Am. & Eng. Enc. 402; 1 Jones, Liens, § 776; Flournoy v. Shelton, 43 Ark. 168; Love v. Cox, 68 Ga. 269; Fuller v. Kitchens, 57 Ga. 265; Griffin v. Chadbourne, 32 Minn. 126. A party acquires no equitable rights by virtue of a statutory lien. His rights are strictly legal, and as prescribed by the statute. Unless he follows the remedy prescribed by the statute, he has no standing in court. 1 Jones, Liens, §§ 112, 776; City of Faribault v. Misener, supra; Griffin v. Chadbourne, supra.

Under the statute parties can be compelled to interplead. Rohrer v. Turrill, 4 Minn. 309 (407); Cassidy v. First Nat. Bank, 30 Minn. 86. Claimant confuses the bill of interpleader in equity, which may still be brought in this state, with the summary mode of interpleader by motion and order authorized by the statute. 3 Pomeroy, Eq. Jur. §§ 1324, 1329.

*Daniel Fish* and *Eugene N. Best*, for respondent.

The right of Shimek (or of his assignee) to be paid for his labor out of the proceeds of the wheat is, as between themselves, complete; and it could not be devested by any act of the employer or of anyone acting in his behalf. This is not a proceeding to foreclose the laborer's lien, nor are the rights of claimant to this money dependent upon his ability to pursue in this state the remedy given by the North Dakota statute. There is no necessity to foreclose the lien, because the plaintiffs have converted the wheat into money and the money is in court awaiting the direction of the court as to its proper disposal. The sole question in the case is, what disposition should be made of the fund, upon the admitted facts, as between the two claimants thereof? That question is to be answered

in the light of purely equitable principles, because the proceeding is peculiarly a proceeding in equity. The remedy of interpleader is exclusively an equitable remedy. Pomeroy, Eq. Jur. §§ 171, 1320, 1321. The summary method of interpleader introduced by statute simply changes the form, without in any way limiting or modifying the effect of the proceeding. 3 Pomeroy, Eq. Jur. § 1329. A court of equity having a fund in its hands and having also jurisdiction of the parties claiming it, is empowered to award it as equity and good conscience shall require. Whitney v. Cowan, 55 Miss. 626. The money is impressed with a trust arising from the wrongful conversion. 2 Pomeroy, Eq. Jur. § 1051; Third Nat. Bank v. Stillwater Gas Co., 36 Minn. 75.

BROWN, J.

This is an appeal from an order of the district court of Hennepin county overruling plaintiffs' demurrer to the answer of defendant Wood.

The action was originally brought by the plaintiffs, who reside and are doing business at Wahpeton, North Dakota, against defendant T. M. McCord Company, a corporation doing business at Minneapolis, this state, to recover a balance due on a consignment to it by plaintiffs of a car of wheat. The defendant Wood made claim to the balance due for the wheat, and, to protect itself, the McCord Company paid the money into court, and asked to have Wood interplead as a defendant in the action. The application was granted. Wood appeared and answered, setting up and claiming title to the money under and by virtue of a laborer's lien acquired and perfected under the laws of the state of North Dakota, where the wheat was grown.

The answer set up that the wheat, the proceeds of which are in controversy, was raised and grown by one Ployhar on his farm in Richland county, North Dakota, during the season of 1897; that one Joseph Shimek entered the employ of said Ployhar in April, 1897, under a contract, and continued in his employ as a farm laborer from said April to November, 1897; that the work, labor, and services rendered by him were reasonably worth the sum of $140, no part of which has ever been paid except the sum of $24.90. It further alleges that on November 9, 1897, said Shimek, under and

pursuant to the laws of North Dakota, duly perfected a lien upon the crops of wheat so raised and grown by said Ployhar by filing an affidavit and notice of lien in the office of the register of deeds in and for said Richland county, as required by the terms of such laws; that on November 18, 1897, said Shimek duly sold and transferred said indebtedness and lien, for a valuable consideration, to the defendant, who now owns and holds the same. Judgment is demanded that the money in question be ordered paid to defendant Wood. The plaintiffs demurred to this answer, and appeal from the order overruling it.

The contention on the part of the appellants is that the lien relied upon by defendant, existing only by virtue of the laws of the state of North Dakota, has no extraterritorial operation, and cannot be enforced in this state; that the lien claimant in such a lien cannot, after the property covered thereby has been removed into this state, enforce his lien by a seizure and sale of the property within this state; that the lien can only be enforced within the state of North Dakota. Whether this contention is sound we need not consider. It is sustained by some of the authorities. Donald v. Hewitt, 33 Ala. 534; Marsh's Admr. v. Elsworth, 37 Ala. 85. The defendant Wood does not ask to foreclose the lien under which he seeks to obtain the fund now in court.

The property covered by his lien has been converted into money, and the money is in court awaiting its judgment and order as to the ownership thereof. Wood claims it under his lien. The money having been brought into court under the provisions of G. S. 1894, § 5273, it is entirely competent for the court to determine the rights of the rival claimants thereto. Whether an action could be maintained in this state, based upon a statutory lien existing under the laws of another state, for the conversion within this state of the property covered thereby, as in cases of chattel mortgages, we need not consider. Such is not this case. The proceeds of the property covered by this lien are within this state, in the hands of the court, and claimed by rival claimants. And we hold that in such a case the rights of the respective parties may be heard and determined, and the holder of a statutory lien existing under the statute of a foreign state may assert his rights to such fund under such lien.

In other words, whether the holder of such a lien can foreclose the same, or maintain an action for the conversion of the property covered thereby, within this state, or not, he may, when the proceeds of the property have been paid into court, assert his rights thereto under his lien; and if, in equity, his rights are superior to his rival claimant's, the fund will be awarded to him.

The only question necessary to consider at this time is as to which of these parties has the best right to this fund. We think the defendant Wood shows the best right. He shows a valid right under his lien, while the plaintiffs show no right at all. It is nowhere alleged in the complaint that plaintiffs have any right to the wheat or its proceeds, that they were ever the owners thereof, or ever possessed any interest therein. They merely alleged that they consigned the wheat to defendant McCord Company for sale for their account. This is insufficient to show that they were the owners of the wheat, or that they had any beneficial interest therein. Benjamin v. Levy, 39 Minn. 11, 38 N. W. 702. No doubt they could recover against the McCord Company, but they cannot recover against defendant Wood without showing some title or right superior to the lien. This they could do by a reply, if they in fact possess such superior right. Under the pleadings as they now stand, defendant Wood is entitled to judgment for the fund, and the demurrer to his answer was properly overruled.

Order affirmed.