EUGENE SCHULER and Another v. LEROY B. WOOD.[1]

November 15, 1900.

Nos. 12,257—(76).

## Vacating Judgment upon Default.

Evidence examined, and *held*, that the court did not abuse its discretion in vacating a judgment, and permitting a party in default to serve the proper pleadings.

Appeal by defendant, Wood, from an order of the district court for Hennepin county, Brooks, J., vacating a judgment and directing that plaintiff's proposed amended supplemental complaint stand as the complaint in the action.    Affirmed.

*E. N. Best* and *Daniel Fish*, for appellant.

*Alvord C. Egelston* and *A. S. Keyes*, for respondents.

LEWIS, J.

This action was originally commenced by the plaintiffs, who resided at Wahpeton, North Dakota, against the T. M. McCord Company of Minneapolis, to recover a balance claimed to be due on a consignment of wheat shipped by plaintiff to the McCord Company. Wood made claim to the wheat by virtue of a laborer's lien, and, to protect itself, the McCord Company paid the money into court, and asked to have Wood interplead. The application was granted, Wood answered, plaintiff demurred, the demurrer was overruled, plaintiff appealed, and this court affirmed the order of the lower court. Schuler v. T. M. McCord Co., 79 Minn. 39, 81 N. W. 547. The opinion stated that, while plaintiffs could recover against the McCord Company, they could not recover against Wood without showing some title or right superior to the lien, and that they could do so by a reply, if in fact plaintiffs possessed such superior right.

The mandate from this court was filed in the court below on March 2, 1900. On the same day plaintiffs served a reply upon defendant, Wood, which was returned, on the ground that it had not been served in time. On March 12 plaintiffs moved the court

[1] Reported in 84 N. W. 21.

for an order to serve a reply, which was denied without prejudice, on the ground that plaintiffs had failed to attach a copy of their proposed reply to the moving papers. On March 21, 1900, plaintiffs again moved for leave to serve a reply. The same was taken under consideration by the court, and on March 27 the court filed an order denying the motion, upon the ground that, under G. S. 1894, § 5273, the proper practice was to serve an amended and supplemental complaint, setting up plaintiffs' claim to the money as against the substituted defendant. No stay of proceedings was entered when this order was filed, and plaintiffs were in default. On the afternoon of the same day, the attorneys for Wood caused judgment to be entered, directing the receiver to pay the money to the attorneys, and for costs and disbursements. This judgment was entered without notice or order of the court. On the next day plaintiffs duly served notice upon the defendant, Wood, of a motion to set aside the judgment, and for leave to serve and file a supplemental complaint. Wood resisted the application. A hearing was had, and the court vacated and set aside the judgment, directed that the proposed amended supplemental complaint stand as the complaint in the action, and that defendant have twenty days to answer. From this order defendant, Wood, appeals.

We are simply required to determine whether the court abused its discretion in vacating the judgment and admitting the proposed supplemental complaint. The question of the proper practice, or what constitutes a proper pleading, in case of such substitution of defendant, is not before us. So far as that question is concerned, the parties to this proceeding have accepted the views of the lower court. Respondents explain and attempt to justify their neglect in allowing the time for pleading to expire upon the ground that the court, by inadvertence, omitted to grant a stay in its order denying the application to serve a reply, and upon the further ground that they were misled by the statement in the opinion from this court, already mentioned, to the effect that plaintiffs could set up their claim by reply. From a careful reading of the record, it appears that respondents acted with expedition in attempting to serve a proper pleading. They were justified, in view of the opinion from this court, in assuming that the proper method

was by way of reply. The omission to obtain a stay of proceedings would have justified the lower court in refusing to open the judgment, but, under the circumstances, the judgment having been entered the same day the order was filed, and the court having been applied to promptly, we cannot say that such order vacating the judgment was an abuse of its discretion.

It is unfortunate that this expensive litigation could not have been avoided. The facts that the amount involved is small and has already been consumed, that a new issue has been presented, which will involve hardship upon the defendant in the procurement of witnesses, are not sufficient to determine the question before this court, although they have proper weight. Under the circumstances in which this judgment was entered and partly executed, we cannot hold that it was beyond the power of the court to set it aside. And it is not material that the judgment was entered without an order of the court. Although irregular, it was not void. But the fact that it was hastily entered, without notice or an order, might be considered by the court in determining the question before it.

Order affirmed.