## ROBERT PODRATZ v. MARY M. NEMITZ AND OTHERS.[1]

### May 7, 1920.

### No. 21,613.

**Which of two brokers entitled to commission — verdict conclusive after trial of issue.**

The respondent, Gaulke, sued defendants Nemitz for commission on the sale of their farm, whereupon appellant filed a complaint in intervention, alleging that he was the procuring cause of the sale, hence entitled to the commission, and that he came in to save said defendants from paying twice. The main issue litigated on the trial was whether plaintiff, Gaulke, or intervener, Podratz, effectuated the sale. On ample

[1]Reported in 177 N. W. 769.

evidence the jury found in favor of the plaintiff, Gaulke. *Held* that, even though the defendants Nemitz in their pleadings and on the trial admitted intervener's claim he was not entitled to judgment notwithstanding the verdict nor a new trial as to them, so long as there is no error on which plaintiff's verdict can be set aside or disturbed, for intervener came into the case and tried it on the theory that defendants were to pay commission to the one only who was the procuring cause of the sale.

In an action brought by George Gaulke in the district court for McLeod county to recover a commission for securing a purchaser for a farm, Robert Podratz filed a complaint in intervention, demanding that plaintiff's action be dismissed and that intervener recover $1,278.12 from defendants Nemitz. The facts are stated in the opinion. The case was tried before Tifft, J., who at the close of the evidence denied plaintiff's and intervener's motions for directed verdicts, and a jury which returned a verdict against defendants for $1,293.03. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, intervener appealed. Affirmed.

*P. W. Morrison,* for appellant.

*George A. & C. H. MacKenzie,* for respondent Gaulke.

HOLT, J.

George Gaulke sued Mary M. Nemitz and R. E. Nemitz to recover the agreed commission for procuring August Schultz as a purchaser for their farm.

Thereafter Robert Podratz served a complaint in intervention, styling himself "plaintiff and intervener" and Mary M. Nemitz, R. E. Nemitz and George Gaulke "defendants." In the pleading Podratz, hereinafter referred to as intervener, alleged a contract with defendants Nemitz of like tenor with the one relied on by Gaulke, hereinafter referred to as plaintiff, and a performance by procuring August Schultz as a purchaser. He also alleged the pendency of plaintiff's suit; that he, Podratz, had an interest therein and might lose if judgment is entered in favor of plaintiff, and the defendants Nemitz might be required to pay the commission twice in the event that he, Podratz, failed to intervene and assert his rights in the pending action; that plaintiff, Gaulke,

was not the procuring cause or medium through which the sale of the farm was effected and is not entitled to any commission from defendants Nemitz; and he demanded that the action of plaintiff be dismissed and that the intervener recover $1,278.12 against the defendants Nemitz. To this pleading plaintiff answered, denying that intervener procured August Schultz as a purchaser of the farm.

The defendants Nemitz admitted intervener's complaint in every particular, except that the compensation they agreed to pay him was $1,022.50 instead of $1,278.12. At the trial intervener conceded that his commission was only $1,022.50. After that concession, and at the opening of the trial, the attorney for defendants Nemitz stated: "As I understand it now, then, there is no issue in this case between the defendants Nemitz and the intervener? * * * The only issue is whether Gaulke is entitled to a commission or whether Podratz is." The attorney for the intervener responded: "Well, there's a dispute between the defendants and Gaulke as to the amount of the commission," plaintiff claiming 5 per cent of the sale price of the farm, or $1,278.12, and the intervener $5 per acre, or $1,022.50. After the evidence had been received, intervener moved for an order directing the jury to return a verdict in his favor against the defendants Nemitz upon the evidence produced and the pleadings. The court denied the motion, saying: "It would hardly be fair at this stage of the proceedings to determine the cause solely upon the pleadings, after the parties have litigated the other question, and I think it is a question for the jury to determine which, if either of the parties, was the one that was the procuring cause of making the sale." There was a verdict for plaintiff for $1,278.12 and interest. Defendants Nemitz moved for a new trial. It was denied, but they did not appeal. Intervener moved for judgment notwithstanding the verdict or a new trial, and appeals from the order denying the motion. The defendants Nemitz make no appearance in this court.

It is clear that intervener was not entitled to judgment non obstante veredicto in the ordinary meaning, so that the judgment in his favor would vacate or destroy the verdict returned for plaintiff. No error is assigned that may be said to in any manner assail plaintiff's verdict, except the one that it is not justified by the evidence. But neither in the brief nor in the oral argument of intervener do we find anything

that questions the right of the jury to find from the evidence adduced that plaintiff was employed by defendants Nemitz to sell the farm for the compensation he claimed and that he was the procuring cause of the sale to August Schultz. And an examination of the record leads to the conclusion that there is ample support for the verdict rendered.

The question remains whether intervener may also be entitled to judgment against defendants Nemitz or a new trial as to them. If so, they must pay two commissions on the sale of their farm to Schultz. This would be entirely inconsistent with the theory of the law and practice governing intervention as well as inconsistent with the theory upon which intervener framed his pleading and tried the case. He alleged that he intervened so that defendants Nemitz might not be compelled to pay the commission twice. He made his claim against them identical with the one Gaulke asserted, clearly indicating that the issue he came in to try was whether he or Gaulke was the procuring cause of the sale to Schultz. He directed all his efforts in the trial to establish that he and not Gaulke effectuated that sale. He availed himself of defendants Nemitz assistance, and they did take his part in the controversy, both in their pleadings and testimony. They were ready and willing to pay a commission, but one only. Had plaintiff demanded the same sum as intervener, they could have deposited the money in court and would have been dismissed, thus effectually precluding the recovery of more than one commission. So far as intervener is concerned, they, by remaining in the case and giving him loyal support in his attack upon plaintiff's claim, should not now occupy a worse position than if they had deposited $1,022.50 in court and stepped out to let intervener fight Gaulke single-handed. This is not a case of improper intervention or interpleader like Alton & Peters v. Merritt, infra, page 426, 177 N. W. 770, for all parties here conceded that only one cause of action for commission existed against defendants Nemitz on account of the sale of their farm to Schultz.

Considering the intervener's position, the issue tendered by him, and the course of the trial, we conclude that, since the verdict rendered in plaintiff's favor cannot be disturbed, intervener is not entitled either to judgment or a new trial as against defendants Nemitz.

The order appealed from is affirmed.