# ALTON & PETERS v. O. W. MERRITT AND OTHERS.[1]

## May 7, 1920.

## No. 21,693.

**Interpleader.**

1. There can be no interpleader either under G. S. 1913, § 7764, or at common law, except where there are rival claimants to the subject matter in litigation, each claiming or asserting an interest in the property or fund, of which the person seeking the relief is the indifferent holder.

**Broker — owner liable for two commissions — interpleader.**

2. The owner of real property who enters into separate contracts with two independent real estate brokers for the sale thereof, agreeing thereby to pay each a commission if he produces a purchaser ready, able and willing to buy the same at a specified price per acre, and each subsequently claims to have performed his contract and to be entitled to the agreed compensation, is not entitled to have the brokers interplead and contest the right to one commission.

**Same — burden of proof on landowner.**

3. If each performed his contract, each will be entitled to compensation, and the burden of the defense against a possible double liability rests with the owner of the land.

Action in the district court for Martin county to recover $500 for services in obtaining a purchaser for certain real estate. Defendants made a motion to substitute Frank A. Sandin as defendant and to permit them to pay into court or deliver to such person as the court might direct the sum of $250 and direct to whom they should pay the further sum of $250, which defendants would then and there owe to plaintiffs or said Frank A. Sandin as a commission for the sale of the lands described in the complaint, and thereupon that defendants be discharged of liability and the action be dismissed as to them and the action proceed against Frank A. Sandin as defendant and that plaintiffs and Frank A. Sandin be compelled to interplead and litigate their claims.

[1]Reported in 177 N. W. 770.

From an order granting the motion, Dean, J., plaintiffs appealed. Reversed.

*Haycraft & McCune,* for appellants.

*Allen & Seifert,* for respondents.

BROWN, C. J.:

Defendants were the owners of certain real property situated in Martin county, which they had placed on the market for sale. On or about June 1, 1919, they entered into a contract with plaintiffs, who were real estate brokers engaged in business at Fairmont, said county, under which they agreed to pay plaintiffs a commission of $500 for their services in finding and producing a purchaser ready, able and willing to buy the land at $200 per acre, such purchaser to be produced before defendants had otherwise disposed of the land. Some two weeks after the date of that contract, defendants entered into a similar contract with one Sandin, also a real estate broker, under and by which they agreed to pay Sandin a commission of $500 upon the production by him of a purchaser ready, able and willing to buy the land at $210 per acre. Within the time stipulated in plaintiffs' contract they presented to defendants a purchaser, ready, able and willing to buy the land at $200 per acre; at about the same time Sandin presented to defendants a purchaser ready, able and willing to buy the land at $210 per acre. Plaintiffs made claim to the agreed compensation, on the theory that they had earned the same when they presented a purchaser for the land, ready to make the purchase on the terms stated in plaintiffs' contract. Sandin also made claim to the compensation agreed to be paid to him. Defendants say they are in doubt as to which is entitled to the commission. Defendants were thus confronted with a possible double liability which they sought to avoid. To that end and on the theory that they were liable for one commission only, which either plaintiffs or Sandin might claim, immediately on the commencement of the action they moved the court below, under section 7764, G. S. 1913, for an order of interpleader, requiring Sandin to appear in the action, in the place and stead of defendants, and contest with plaintiffs the rights to the single commission for which defendants conceded liability. The court granted the motion and plaintiffs appealed.

Upon the facts stated, which are accepted for the purposes of the appeal, though they may be changed on a trial of the action, it seems clear that the learned trial court was in error in granting the motion. There can be no interpleader either under our statutes or at common law, unless there be rival claimants to the subject matter in litigation, the right asserted by each being founded on some claim of interest in specific property, or in and to a common fund of which the person seeking the relief is the indifferent holder. The statutes of this state so provide, G. S. 1913, § 7764, and such is the rule of the common law. 14 Standard Enc. Proc. 166, and citations. The facts of this case do not bring it within the rule. There is here no common fund to which plaintiffs and Sandin may legally or otherwise lay claim. Sandin was not a party to the contract under which plaintiffs claim the right to recover, nor were plaintiffs in any way connected with or bound by the contract under which Sandin claims. The two contracts grew out of wholly independent transactions, in respect to which there appears no privity of interest between Sandin and plaintiffs. If plaintiffs performed their contract, they are on the facts here disclosed entitled to recover without reference to the rights of Sandin under his contract. The same is true as to Sandin. If he performed his contract, his right of recovery without reference to the rights of plaintiffs is clear. This prospect of double liability is of defendants' own creation and cannot be avoided by a resort to the rule of interpleader. Lanning v. Stiles, 176 Mich. 275, 142 N. W. 581; Maxwell v. Frazier, 52 Ore. 183, 96 Pac. 548, 18 L.R.A.(N.S.) 102; Stephenson v. Burdett, 56 W. Va. 109, 48 S. E. 846, and citations in 10 L.R.A.(N.S.) 748. The burden of the threatened litigation must rest with them, for it springs from the seperate contracts with two independent and unrelated real estate brokers. Maxwell v. Frazier, supra; Runkle v. Runkle, 112 Va. 788, 72 S. E. 695; Pomeroy, Eq. Jur. § 1324. This case is wholly unlike Podratz v. Nemits, supra, page 422, 177 N. W. 769, for the reasons stated therein.

Order reversed.