# THE METROPOLITAN NATIONAL BANK OF MINNEAPOLIS v. HENNEPIN COUNTY SAVINGS BANK.[1]

July 1, 1921.

No. 22,350.

**Interpleader available in municipal court.**

1. The remedy of interpleader given by section 7764, G. S. 1913, is available to a defendant sued in the municipal court of Minneapolis.

**Statutory requirements for order of substitution.**

2. The only showing the statute requires for granting an order of substitution, is that another than the plaintiff makes a claim upon defendant for the money or debt sued for, and that there is no collusion between such claimant and the defendant.

**Interpleader — claim of party to be substituted.**

3. It is not incumbent on defendant to show that the claim of the party asked to be substituted is valid.

**Vacating judgment proper.**

4. There was no abuse of judicial discretion in opening the judgment, entered as on default during the pendency of the hearing of the order to show cause why claimant should not be substituted.

**Irregularities not prejudicial.**

5. Minor irregularities in the order are either inadvertent omissions, readily rectified on application to the court below, or else relate to matters that cannot prejudice appellant.

Action in the municipal court of Minneapolis to recover $300 upon a check certified by defendant. From an order C. L. Smith, J., granting defendant's petition to pay the money into court and directing the payee of the check to interplead and vacating the judgment entered by default, plaintiff appealed. Affirmed.

[1]Reported in 183 N. W. 821.

*Jay W. Crane,* for appellant.
*Roberts & Strong,* for respondent.

HOLT, J.

Plaintiff sued defendant in the municipal court of the city of Minneapolis upon a check drawn on defendant and certified by it. Before the time for answering expired defendant obtained and served on plaintiff's attorney an order to show cause why defendant should not be allowed to pay the money into court and be dismissed, and Mrs. Robert McDonald, the payee of the check, who asserted ownership thereto, be substituted in the stead of defendant. The order did not stay proceedings, and plaintiff entered judgment, as on default, prior to the hearing, which was finally had upon an amended petition. Upon the hearing the court vacated the judgment, permitted defendant to pay the money into court, and directed Mrs. McDonald to interplead. Plaintiff appeals.

The chief contention is that section 7764, G. S. 1913, which permits a defendant, when sued for the recovery of money upon contract, to move the court to substitute in his place as defendant one who lays claim to the same money or debt and for leave to pay the money into court, is not applicable to suits brought in a municipal court. The contention is based on the theory that interpleader under that statute remains an equitable proceeding of which district courts alone have jurisdiction.

The jurisdiction of the municipal court of Minneapolis is conferred by section 2, c. 34, p. 599, Sp. Laws 1889, as now amended by chapter 407, p. 616, Laws 1917. The provisions therein, bearing on the question presented, read: "It shall not have jurisdiction of actions for divorce, nor of any action where the relief asked for in the complaint is purely equitable in its nature. Where no provision is otherwise made in this act, said municipal court is vested with all the powers which are possessed by the district courts of the state, and all laws of a general nature apply to said municipal court, so far as the same can be made applicable, and not inconsistent with the provisions of this act, and the jurisdiction of said court shall be co-extensive with the limits of said Hennepin county." This action is certainly one of which the court had jurisdiction. It is an action for money upon a contract. Defendant admits its obligation to pay the money demanded, but asserts that another party claims to be the

owner of the contract and entitled to the money. The controversy under the interpleader will, therefore, turn upon the fact whether or not the title to the check ever passed from the payee, the claimant. Ordinarily, the determination of such a fact does not require a court of equity to function, nor any affirmative equitable relief in favor of either party. We think section 7764 was intended to apply to municipal courts, even though interpleader is of equitable origin and the courts continue the procedure thereunder somewhat in accord with equity practice. That the remedy of interpleader and kindred statutory relief extended by the legislature was not intended to be confined to the district courts, is manifest in the very next section (7765), wherein a party is given the right, before suit, to place property or money claimed by different persons in the custody of the court, and for that purpose application may be made as well to a municipal court as to a district court.

Great stress is laid upon the alleged insufficiency of the petition on which the court acted. There is nothing to the point. Defendant was not required to make more of a showing than the statute prescribes. It was not necessary to show the validity of claimant's title to the money. The only condition imposed by the statute is that defendant make it appear to the court that another party demands the same money or debt which the plaintiff sues for, and that such demand or claim is made without collusion with defendant. We think this was done. The court could well conclude upon the showing made in the petition and amended petition that a reputable bank would not be a party to a collusion with Mrs. McDonald, the claimant.

The rights as between successive holders of a certified check are, in our opinion, not involved in this appeal. The statute (7764) was designed to let that and every issue as to who is entitled to the money sued for, be determined in the action after the claimant is substituted and the issues are framed between the then parties.

That the court exercised proper judicial discretion in opening the judgment is clear. Schuler v. Wood, 81 Minn. 372, 84 N. W. 21.

The failure of the order to require interest, a trifling amount, appears to be a mere inadvertence, which, no doubt, can be rectified upon application to the court below.

The order is criticised in other respects, but it is not apprehended that

plaintiff will be prejudiced on account of its provisions or omissions, for, if the claimant does not come in under the order as made, plaintiff will receive the money deposited.

Order affirmed.