FRED W. SEELING, JR. AND ANOTHER v. DEPOSIT BANK & TRUST COMPANY.[1]

December 7, 1928.

No. 26,858.

[1]Reported in 222 N. W. 295.

12

*Herbert M. Bierce,* for appellants.
*Lamberton & Lamberton,* for respondent.

TAYLOR, C.

The plaintiffs are husband and wife and had a checking account in their joint names in defendant bank on which each had the right to draw checks. The Gate City Iron Works, a corporation of which plaintiff Fred W. Seeling, Jr. was secretary and his uncle, John M. Seeling, was president, also had a checking account in defendant bank. A rule of the iron works, known to the bank, required that all checks issued by it should be signed by both its president and its secretary. On Saturday, December 12, 1925, plaintiff Fred W. Seeling, Jr. issued a check of the iron works for the sum of $424.19 payable to himself, to which he signed his uncle's name as president and his own name as secretary and then indorsed the check and deposited it in the bank to the credit of the joint account of himself and his wife. The bank credited it to that account and charged it to the account of the iron works. The iron works promptly repudiated the check as void and claimed the $424.19 which had been charged to its account. Whether Fred W. Seeling, Jr. had authority to sign his uncle's name to the check is in dispute. After the iron works claimed the money and on Monday, December 14, 1925, the bank canceled the credit to the joint account of the plaintiffs. Thereafter the plaintiffs brought suit against the bank for the amount of the check. The bank set forth the facts in full. Among other things it stated that it had canceled the credit to the plaintiffs and had segregated the amount of the check from its other

funds and had set that amount aside for the purpose of paying it to whomever was entitled to it, and that it was claimed by both the plaintiffs and the iron works. Upon the facts stated the bank made an application under G. S. 1923, § 9261, to be permitted to pay the money into court and that the Gate City Iron Works be substituted as defendant. This application was opposed by plaintiffs but finally resulted in an order permitting the bank to pay the money into court and directing that the Gate City Iron Works be substituted as defendant. Plaintiffs appealed from this order.

The defendant bank raises the point that the order is not appealable.

The statute provides:

"A judgment or order in a civil action in a district court may be removed to the supreme court by appeal, as provided in this chapter, *and not otherwise.*" (Italics ours.)   G. S. 1923, § 9490.

This forbids an appeal from any order except those specified in the statute. There is no provision of the statute which authorizes an appeal from the order in question unless it be G. S. 1923, § 9498(3), which permits an appeal "from an order involving the merits of the action or some part thereof." As orders affecting the merits are ordinarily reviewable upon an appeal from the judgment or from an order denying a new trial, this provision is strictly construed to avoid unnecessary delays and inconclusive appeals. An order is not appealable under this provision unless in effect it finally determines the action or finally determines some positive legal right of the appellant relating thereto. 1 Dunnell, Minn. Dig. (2 ed.) § 298, and cases cited. Plaintiffs and the iron works both claim the same money now in the hands of the bank. The bank concedes that the entire amount belongs to one or the other and is ready and willing to pay it to whichever claimant is entitled to it. The order in question permits the bank to pay the money into court and in effect directs that the two claimants litigate their respective claims to it in an action between themselves. The order does not finally determine any positive or substantial legal

right of the plaintiffs, and any question involving such rights may be reviewed on an appeal from the judgment or from an order denying a new trial. We reach the conclusion that the order is not appealable.

We are not advised of any case in which the question of the appealability of such an order under our statute has been considered. In Wilser v. Wilser, 132 Minn. 167, 156 N. W. 271, the appeal was from an order directing an interpleader and enjoining the appellant from prosecuting another action then pending in another state. Enjoining the prosecution of the other action made the order appealable under another statute. That it was appealable was not questioned. In Metropolitan Nat. Bank v. Hennepin County Sav. Bank, 149 Minn. 367, 183 N. W. 821, the appeal was from an order directing an interpleader and also setting aside a judgment entered in the action by the plaintiff. Setting aside the judgment made the order appealable. No question was raised concerning its appealability. In Alton & Peters v. Merritt, 145 Minn. 426, 177 N. W. 770, an order to interplead was reversed because the parties directed to interplead did not claim the same debt, but each claimed a debt entirely distinct from that claimed by the other which grew out of a transaction that did not concern the other. The question of the appealability of the order was not raised or considered. In Bennett v. Whitcomb, 25 Minn. 148, an order denying an application to intervene made under G. S. 1923, § 9263, was held not to involve the merits and therefore not to be appealable for the reason that the facts presented did not bring the applicant within the statute, as they failed to show that any of his rights would be affected by the result of the action. In Holmes v. Campbell, 13 Minn. 58 (66), an order opening a judgment and granting leave to answer was made after the time had expired within which such relief could be granted; and it was said in substance that the order was appealable because the court had no power to make it.

Where the facts, presented upon an application of the defendant for an order permitting him to pay into court the fund in dispute and directing the rival claimants thereto to interplead, bring the

case within the statute, the court is authorized to make the order; and such an order is not appealable for it does not determine any substantial right of either claimant but leaves each free to assert and enforce whatever right to the fund he may have. Where however the facts presented do not bring the case within the statute, a situation illustrated by Alton & Peters v. Merritt, 145 Minn. 426, 177 N. W. 770, the court has no authority to make an order of interpleader; and if it makes such an order in a case in which it had no power to make it, an appeal may lie therefrom; but that question is not involved or decided in this case.

The appeal is dismissed.

