320 N.W.2d 729 (1982)
In re OBJECTIONS AND DEFENSES TO REAL PROPERTY TAXES FOR THE 1980 ASSESSMENT.
VILLAGE APARTMENTS, et al., Petitioners, Appellants,
v.
STATE of Minnesota, et al., Respondents.
No. 81-919.
Supreme Court of Minnesota.
June 18, 1982.
Lapp, Lazar, Laurie & Smith, Benjamin J. Smith and John M. Gendler, Minneapolis, for appellants.
Tom Foley, County Atty., and Stephen F. Befort, Asst. County Atty., St. Paul, for respondents.
Considered and decided by the court en banc without oral argument.
WAHL, Justice.
Petitioners appeal from an order of the Ramsey County District Court denying *730 their motion for class-action certification. Because we hold that the order is not appealable as of right, we dismiss the appeal and remand the case to the trial court for further proceedings.
The Minnesota legislature in 1980 amended Minn.Stat. § 273.13, subd. 9 (1978) to create a new classification of property for assessment purposes. Act of April 24, 1980, c. 607, art. II, § 13, 1980 Minn.Laws 1160, 1203. Under the amendment, "real property which is not improved with a structure and which is not utilized as part of a commercial or industrial activity shall constitute class 4b and shall be valued and assessed at 40 percent of market value." Minn.Stat. § 273.13, subd. 9 (1980). Petitioners are owners of unimproved property in Ramsey County, which the county has not yet reclassified and which is being taxed at 43% rather than 40% of its market value. They brought this action on behalf of themselves and others similarly situated to compel Ramsey County to reclassify their property in conformity with statutory requirements.
The trial court denied petitioners' motion for certification as a class on the ground that petitioners had not met the commonality requirement of Rule 23 of the Minnesota Rules of Civil Procedure. This appeal followed, raising issues of the appealability of the order denying certification and of whether the proposed class is certifiable.
Petitioners argue that they have an appeal as a right under one of three sections of Rule 103.03, which provides, in pertinent part:
An appeal may be taken to the Supreme Court:
* * * * * *
(d) From an order involving the merits of the action or some part thereof;
* * * * * *
(f) From an order, which, in effect, determines the action, and prevents a judgment from which an appeal might be taken;
* * * * * *
(h) Except as otherwise provided by statute, from the final order or judgment affecting a substantial right made in a special proceeding * * *.
Minn.R.Civ.App.P. 103.03. We consider each section in turn.
An order is not appealable under Rule 103.03(d) "unless in effect it finally determines the action or finally determines some positive legal right of the appellant relating thereto." Seeling v. Deposit Bank & Trust Co., 176 Minn. 11, 13, 222 N.W. 295, 296 (1928) (citation omitted). In Seeling, we refused to allow the appeal of an order permitting a bank to pay into court money being claimed by two different parties because the order did not "finally determine any positive or substantial legal right." Id. at 13-14, 222 N.W. at 296.
We have also refused to allow an appeal from an order denying a motion for joinder of additional parties for the reason that such an order "is decisive of no fundamental issue." Chapman v. Dorsey, 230 Minn. 279, 284, 41 N.W.2d 438, 441 (1950). In Chapman, we recognized that the joinder statute[1] gave the trial court discretionary power, the abuse of which "is subject to correction upon an appeal from a final judgment on the merits." Id. at 285, 41 N.W.2d at 442.
The reasoning of the Chapman decision applies to the instant case. The trial court's decision not to certify the class does not determine a positive or substantial legal right. The trial court has analyzed the requirements of a class suit and has exercised its discretion in determining that the current action is not appropriate for such treatment. Petitioners may now proceed to litigate on their own behalf and may raise the issue of class-action certification on appeal from the final judgment if they wish.
Petitioners do not have a right to appeal under Rule 103.03(f), because the order refusing certification does not "prevent[] a judgment from which an appeal *731 might be taken." We have used subsection (f) to permit such appeals as those from an order granting dismissal on the ground of lack of jurisdiction. 3 J. Hetland & O. Adamson, Minnesota Practice, Civil Rules Annotated (1970), p. 281. Clearly, there is in such orders an element of finality which is not present in this case.
We allowed an appeal under Minn.Stat. § 605.09(f) (1971)[2] from an order denying substitution of plaintiffs in a class action. Phillips v. Brandt, 231 Minn. 423, 43 N.W.2d 285 (1950). In Phillips, a taxpayer sought to enjoin certain city officials from paying a person as First City Attorney without going through the required hiring procedures. The named plaintiff permanently moved from Minneapolis after the trial court had issued its order for judgment but before the judgment was entered. We permitted the appeal of an order denying a motion to substitute other members of the class for the named plaintiffs on the ground that otherwise the proceeding would be indefinitely suspended.
A denial of class certification, unlike a refusal to substitute plaintiffs, does not terminate or suspend proceedings. Once certification is denied, plaintiffs can litigate as individuals and proceed to a judgment from which they can appeal.
Petitioners may not bring their appeal under Rule 103.03(h), because a motion for class certification is not a "special proceeding." In Chapman, we ruled that a motion for joinder is not a special proceeding within the meaning of this section because it is not "an ordinary action and * * [does not] adjudicate a substantial right with decisive finality separate and apart from any final judgment entered or to be entered, in such an action upon the merits." 230 Minn. at 283, 41 N.W.2d at 440-41 (citations omitted). Like a motion for joinder, a motion for class certification is part of a civil action and cannot exist separate from the action of which it is a part.[3]
We hold that the parties do not have an appeal as of right from an order denying class certification.[4] We need not reach the issue of whether petitioners have met Rule 23 requirements. We dismiss the appeal and remand the case for further proceedings. Plaintiff may appeal from the final judgment and raise the certification issue at that time.
Dismissed and remanded.
NOTES
[1] Minn.Stat. § 540.16 (1949), repealed in 1974, has been replaced by Minn.R.Civ.P. 19.
[2] Minn.Stat. § 605.09(f) (1971), since repealed, is the forerunner of Rule 103.03(f), Minnesota Rules of Civil Appellate Procedure.
[3] Examples of special proceedings include certiorari, contempt, corporate dissolution, garnishment, and receivership. 3 J. Hetland & O. Adamson, Minnesota Practice, Civil Procedure Annotated (1970), p. 282.
[4] The United States Supreme Court has noted that its decision in Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), holding that a trial court order denying class certification is not a "final decision" within the meaning of 28 U.S.C. § 1291, "was not intended to preclude motions under 28 U.S.C. § 1292(b) seeking discretionary interlocutory appeal for review of the certification ruling." Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 336 n.8, 100 S.Ct. 1166, 1172 n.8, 63 L.Ed.2d 427 (1980). Similarly, Minn.R.Civ. App.P. 105.01 provides for discretionary review in an appropriate case.