MARTHA A. POUND, Administratrix, v. JAMES H. POUND.[1]

February 1, 1895.

No. 9161.

**Evidence of Title—Question for Jury.**

*Held*, that there was sufficient evidence of title in plaintiff's intestate to require the submission of the case to the jury.

Action in the district court for Ramsey county by the administratrix of the estate of George C. Pound, deceased. At the trial before Brill, J., with a jury, when plaintiff rested, the motion of defendant to dismiss was granted. Appeal by plaintiff from an order denying her motion for a new trial. Reversed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*Henry & R. L. Johns,* for respondent.

MITCHELL, J. Action for conversion. The complaint alleges that plaintiff's intestate, George C. Pound, "at the time of his death"

[1] Reported in 62 N. W. 264.

was "the owner and entitled to the possession of certain goods, chattels, machinery, books, and accounts, being all of the property of the job printing plant and establishment of the Pound Publishing Company." The answer denies this, and alleges that "George C. Pound had not been the owner and had not been entitled to the possession" of this property, "or any of the same, since some time in the year 1890," and "that ever since the year 1890" the defendant had "been, and is now, the owner and entitled to the possession of all said property." By this negative pregnant form of pleading, it stands admitted that George C. Pound was the owner of the property in 1890. There was not a particle of evidence tending to prove any subsequent change of ownership, but there was evidence that George C. Pound continued in possession of the property, and exercised full charge and control of the business, down to the date of his death. It does appear that, for several years before his death, the business was conducted by him under the name and style of the Pound Publishing Company, but there was not a scintilla of evidence that this was the name of either a corporation or a partnership. So far as appears, it may have been the name under which the deceased was transacting his own business; and such, we think, must be the presumption, in the absence of any evidence that it was the name of any other person or persons, either natural or artificial. So far as appears, the defendant is an entire stranger to the title of the property. Upon this state of the evidence, we think the case should have been submitted to the jury.

There are two elementary rules which we think are applicable to the facts: First. Ownership, once proven to exist, will be presumed to continue until a change is proven; second, possession is not merely evidence of title, but itself constitutes title in the person enjoying it, as against all the world, except those proving a superior title. We think that the learned trial judge erred in assuming, in the absence of evidence, that the "Pound Publishing Company" was an entity other than the deceased; also in the construction he put upon the reference in the complaint to the property as that of the Pound Publishing Company. It seems to us that the term is used in both the complaint and the answer as merely descriptive of the property or "plant." If, from the use of that term, any inference could otherwise be drawn that the property belonged to such an entity, it was

completely negatived by the allegations of defendant's answer. The trial seems to have been a sort of "legal fencing," both parties apparently endeavoring, for some reason, to disclose as little of the actual facts as possible; but we think the court erred in dismissing the action.

Order reversed.