## JOHN A. ROESER v. HARRIET RYCKMAN.[1]

February 28, 1913.

Nos. 17,881—(205).

**Gift — finding sustained by evidence.**
    In an action involving an alleged gift of a bank certificate of deposit, the

[1] Reported in 140 N. W. 126.

Note.—As to the delivery necessary to complete gift of a savings-bank account when the book is already in the possession of the donee, see note in 17 L.R.A.

findings of the trial court that no gift thereof was made to defendant are *held* sustained by the evidence.

Action in the district court for Stearns county by the administrator de bonis non of the estate of Thomas Ryckman, deceased, against his widow, to obtain a decree that plaintiff was entitled to the possession of certain certificates of deposit and of the money represented by them, as well as the sum of $200 left on deposit by said decedent. The facts are stated in the opinion. The case was tried before Taylor, J., who made findings as stated in the opinion and ordered judgment in favor of plaintiff for the full value of five certificates and in favor of defendant for one-half the value of five other certificates. Defendant's motion to amend the findings of fact and conclusion of law in regard to the certificate for $1,083.37 was granted as to the findings of fact, but denied as to the conclusion of law. From an order denying defendant's motion for a new trial, she appealed. Affirmed.

*R. B. Brower* and *Bruener & Ahles,* for appellant.

*J. D. Sullivan* and *L. K. Sexton,* for respondent.

BROWN, C. J.

The facts in this case are as follows: Thomas Ryckman, a retired farmer, died at his home in the village of Paynesville, Stearns county, on September 7, 1910, leaving an estate consisting of real and personal property, of considerable value. He died intestate and left surviving him defendant, his widow, and a son and two daughters of mature years. Defendant was appointed, in due proceedings had for the purpose, administratrix of his estate, and she duly qualified and entered upon the discharge of her duties as such. Among other items of property left by decedent were several certificates of deposit issued by different banks, evidencing the deposit of money therein by him. These were found in a tin box kept at the home, in

(N.S.) 181. And on the effect of delivery of order for savings account without the book to complete a gift of the account, see note in 22 L.R.A. (N.S.) 568.

On the question whether the transfer of key to receptacle is delivery of possession sustaining gift of contents, see note in 40 L.R.A. (N.S.) 901.

which the valuable papers of both husband and wife had been kept for many years. Some of the certificates were made payable to the order of decedent or his wife, some to decedent and his wife, and others to the order of decedent alone. A controversy arose as to the ownership of these several certificates; it being claimed by two of the heirs, the daughters, that they belonged to and should be listed as a part of the estate.

When this controversy arose, defendant resigned her position as administratrix, having first made her report to the proper probate court, and plaintiff was duly commissioned administrator de bonis non. Plaintiff thereafter brought this action to compel defendant to turn over and deliver the certificates as the property of the estate. Defendant answered setting up title to all the certificates, her claim being that they were a gift to her by decedent before his death. The action was tried below without a jury. The court found that defendant was a joint owner of some of the certificates, and that she had no legal title or claim to others. Judgment was ordered accordingly, and defendant appealed from an order denying a new trial.

The ownership of only one of the certificates is involved on this appeal, the facts in reference to which, as found by the trial court, are as follows: Decedent, in his lifetime, made a deposit of money in the First National Bank of Litchfield, where it had remained for several years; a new certificate being issued to him annually for the principal and accumulated interest. On June 11, 1909, there was due him from that bank the sum of $1,083.37, and the bank on that day issued and delivered to him a certificate of deposit therefor, payable, on the return of the certificate properly indorsed, to himself. The former certificates representing this deposit were all payable to decedent. Shortly before June 11, 1910, the due date of the certificate so issued in June, 1909, and while decedent was in poor health and not expected to live, he indorsed the same as follows, "Pay to Thomas Ryckman or wife," and delivered the same to defendant, his wife. She sent the certificate to the bank at Litchfield by mail, and the bank issued and mailed to her a new one payable to decedent. The present controversy involves the ownership of that certificate only.

The trial court found that the officers of the bank did not notice the indorsement on the back of the old certificate, by which it was made payable to decedent or his wife, and, as stated, issued the new certificate payable to decedent alone. Defendant received the new certificate in due course of mail and placed it in the box where both husband and wife kept their valuable papers, where it remained until after the death of decedent. The court further found that decedent never saw or obtained possession of the new certificate, except as it was with other family papers in the family box. Decedent had the right of access to the box, and the key thereto was available whenever he desired to examine papers therein. Prior to the death of decedent—the precise date does not appear—defendant made a claim to the officers of the bank "that a mistake had been made in the issuance of said certificate A, and the said president of said bank and said cashier talked the matter over with" her, and the cashier testified that "it was understood that the bank was to change the certificate and do it the way she wished it done, but that, for some reason or other, it was not done, and why it was not done" he did not remember.

The court also found: "That for 35 or 36 years, while the deceased and the defendant were residing on said farm hereinbefore referred to, the defendant, with the knowledge and acquiescence of the deceased, kept the money realized from the sale of butter and eggs on said farm, and, that after buying necessary clothing and groceries the defendant gave the savings to the deceased, who put the money in the bank with his money, and that such had been the practice and custom for all the time that the deceased and the defendant had been residing on and operating said farm. The saving from the sale of butter and eggs amounted to $200 per year."

In addition to these specific findings, the court found generally that this certificate belonged to and was the property of the estate. The conclusions of law were in harmony with this general finding, and adversely to defendant's claim that decedent had prior to his death given to her the money represented by the certificate.

The questions presented are: (1) Whether the general finding that the certificate in question was the property of the estate of de-

cedent is sustained by the evidence; (2) whether that finding is over-come by the specific findings of fact; and (3) whether the conclusions of law are supported by the facts found. In our view of the record all these questions must be answered adversely to appellant.

One of the essentials to a valid gift, either inter vivos or causa. mortis, is an unconditional delivery of the subject-matter to the donee, with the intention of passing irrevocably the title to him, though the gift causa mortis is conditional and takes effect only upon the death of the donor. 1 Dunnell, Minn. Dig. p. 887; Winslow v. McHenry, 93 Minn. 507, 101 N. W. 799, 106 Am. St. 448; Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 Am. St. 694, 10 An. Cas. 473. But in either case the intention of parting with the property must clearly appear.

Our examination of the record in the case at bar does not disclose evidence sufficient to require a finding necessary to support a gift. of this certificate; at least, the findings made are not clearly or palpably against the evidence. The specific findings do not justify that. conclusion as a matter of law, and the general finding that the certificate belonged to decedent is supported by the evidence presented. The original certificate belonged to decedent. Of this there can be no serious question. It represented money by him deposited in the bank and was payable to him upon the return of the certificate properly indorsed. A short time before its maturity, by proper indorsement he made it payable to himself or wife. The wife sent it by mail with the request that a renewal certificate be issued. It was issued and made payable to decedent. It seems quite clear that, if decedent intended to give this certificate to his wife, he would have made the indorsement to her alone, and thus vested in her the exclusive ownership. Instead of doing that, he indorsed it payable to himself or wife, thus retaining the right of property in the certificate by express reservation. In other words, the transfer to his wife was not absolute, or indicative of an intention to part unconditionally with the certificate.

Just what transpired between decedent and defendant at the time the certificate was so indorsed does not appear. The statute prohibiting the introduction in evidence of conversations with deceased

persons precluded defendant from offering the evidence. And the case must be disposed of in the light of the facts disclosed, from which we are clear that the trial court was justified in concluding that the indorsement of the certificate in the manner stated was for convenience and to enable the wife to obtain a new certificate. Burns v. Burns, 132 Mich. 441, 93 N. W. 1077; In re Bolin, 136 N. Y. 177, 32 N. E. 626.

There was some evidence tending to show, and the court found accordingly, that, subsequent to the time the renewal certificate was sent to defendant by the bank, she made claim to the officers thereof that the certificate should have been issued in her name, and that the bank officers agreed to correct the matter, but no change was made. Decedent was not present at the time defendant discussed the matter with the bank officers, and his estate is not bound thereby. The most the bank could have done, under the circumstances, would have been to make the certificate payable to decedent or wife, for it was so indorsed, and if it had been so issued the ownership thereof would be controlled by the rule in the McHenry case, supra.

Our conclusions therefore are in harmony with those of the trial court, and its order in the premises must be sustained.

Order affirmed.