## ANNA McDONALD v. L. E. LARSON.

## OLE E. AAHL, APPELLANT.[1]

### April 17, 1919.

### No. 21,178.

**Gift inter vivos — delivery.**
　　1. To constitute a valid gift inter vivos, the donor must deliver the property to the donee, or to some one for him, with intent to vest title in the donee and without reserving any right to reclaim the property.

**Same — evidence.**
　　2. The evidence is sufficient to sustain the conclusion of the trial court that the decedent made a valid gift, inter vivos, of the funds represented by the certificates of deposit in controversy.

Action in the district court for Clay county to recover $757.05, which defendant had received as the agent of plaintiff but had not paid after demand therefor. Defendant in his answer alleged that the mother of plaintiff delivered to him certain certificates of deposit for that amount and instructed him upon her death to deliver them to plaintiff, and that defendant held the certificates pursuant to such instructions; that the mother died intestate and Ole E. Aahl, the administrator of her estate, claimed the certificates as a part of the assets of the estate and prayed that the administrator be substituted for defendant. The administrator filed his complaint in intervention, alleging that the certificates of deposit were the property of intervener. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, intervener appealed. Affirmed.

[1]Reported in 171 N. W. 811.

*F. H. Peterson,* for appellant.

*Garfield H. Rustad* and *C. G. Dosland,* for respondent.

TAYLOR, C.

Appeal by the intervener from a judgment determining that plaintiff is the owner and entitled to the possession of three certificates of deposit for the aggregate sum of $757.05 in the possession of defendant. The only question presented is whether the evidence is sufficient to sustain the conclusion of the trial court that in her lifetime plaintiff's mother, now deceased, had made a valid gift to plaintiff of the funds represented by these certificates. The intervener is the surviving husband of Anna L. Aahl, deceased, and the administrator of her estate; the plaintiff is their daughter; the defendant is the husband of a sister of the deceased.

Some 15 years before her death Mrs. Aahl gave defendant a small sum of money with instructions to put it in the bank, take care of it, and if she died to give it to Annie, her daughter. Plaintiff, the only daughter, was then a child living with her parents. She is now married and lives in California. Defendant placed the money in the bank and took a certificate of deposit for one year in the name Mrs. Aahl. At the end of the year he had Mrs. Aahl indorse the certificate, and then surrendered it to the bank and took a new certificate of the same form for the amount of the deposit with accumulated interest. He repeated this each year until the year 1916. Mrs. Aahl also gave him two other sums with like instructions, for which he procured two other certificates of the same form as the first, and which were renewed in the same manner whenever they matured. When he took a certificate to Mrs. Aahl to be indorsed for the purpose of having it renewed, she often gave him an additional sum to be added to the deposit and this was included in the renewal certificate. In the latter part of the summer of 1916, defendant, expecting to be absent when the certificates, or two of them, matured, and knowing that interest ceased at maturity, left the certificates with Mrs. Aahl, so that she could secure renewals at the proper time. She secured the renewals and retained possession of the certificates until her death in October, 1916. On the day of her death the intervener, finding these and a fourth certificate in a bureau drawer, gave the four to defend-

ant. Defendant subsequently returned the fourth certificate, but retained the three representing the funds which had previously been intrusted to him as above stated. These are the certificates in controversy. The intervener as administrator claims them as a part of the estate of the deceased. Plaintiff claims them as a gift from her mother.

It is true, as claimed by the intervener, that in order to make a valid gift inter vivos the donor must deliver the property to the donee or to some one for him, with intent to part with the title and to vest such title in the donee, and that the reservation by the donor of any right to retake the property or appropriate it to other purposes avoids the gift. Innes v. Potter, 130 Minn. 320, 153 N. W. 604. But the question in such cases is a question of fact, and the finding of the trial court as to the facts is entitled to the same weight in this as in other actions.

Defendant, called as a witness by plaintiff, gave the only testimony in the case in respect to the transactions between Mrs. Aahl and himself. These transactions were always conducted in the Swedish language. Defendant testified in English, but the record discloses that his command of the English language was not perfect, and that he did not always fully comprehend the questions or express himself with clearness. He was repeatedly asked in varying language to state what Mrs. Aahl said concerning this money when she gave it to him, and among others gave the following answers:

"She said every time, she says, 'if I die I have to leave it to Annie,' —she say—her daughter," * * * "She say, 'put it in the bank and take care of them;'" * * * "She says, 'if I have to die you have to leave it to Annie, my daughter;'" * * * "That is all she says. I have to turn over everything to Annie McDonald now;" * * * "That is all she says. I have to leave it to Annie McDonald now. 'To Annie, if I die,' she say;" * * * "That is all she say, I have to turn it over;" * * * "She says to me, 'have get them into the bank and take care of them for Miss Aahl;'" * * * "She told me, 'when I die leave it to her.'"

The intervener testified to the effect that the funds in question consisted largely and perhaps entirely of sums which his wife had saved from time to time out of moneys which he had given her. He also testified concerning the family relations, from which it appeared that the

relations between himself and his wife had been strained at times, and once to such an extent that she began an action for divorce. No other witnesses were called by either party.

Taking the certificates in the name of Mrs. Aahl is not of special significance from the fact that defendant took them in that form of his own volition without any instructions from her to do so. She gave the money to him with instructions to put it in the bank, take care of it, and at her death give it to her daughter. The manner of carrying out this trust she left wholly to him. Returning the certificates to her in 1916 for the purpose of having her present them to the bank for renewal at the proper time would not annul or avoid a gift fully executed prior thereto. Garrison v. Union Trust Co. 164 Mich. 345, 129 N. W. 691, and cases cited in note appended to the report of this case in 32 L.R.A.(N.S.) 219. The first deposits were made more than 15 years ago, and so far as appears Mrs. Aahl has never at any time exercised, or attempted to exercise, any control or dominion over them, or claimed any right to do so. There is nothing in the record indicating that she intended to reserve any right to these funds or control over them, except as this may be inferred from the expression: "If I have to die you have to leave it to Annie," and from similar expressions. Defendant, with only an imperfect command of the language, attempted to give in English what he could remember of statements made to him many years before in another language, and the phrase, "if I die," may have been intended to mean "at my death." None of the statements mention any right to withdraw the funds or apply them to other purposes.

The fact that Mrs. Aahl gave these funds to defendant with instructions to deliver them to her daughter at her death, and repeated these instructions again and again without ever mentioning any right in herself to withdraw the deposits or appropriate them to her own use, and that during a period of 15 years she never asserted any right to them or control over them, taken in connection with all the other facts and circumstances, in our opinion is sufficient to sustain the conclusion of the trial court that she intended to give these funds to her daughter and to divest herself of all power to revoke or reclaim the gift.

Judgment affirmed.