## DELPHINE GAGNE v. NICHOLAS HAYES.[1]

October 1, 1926.

No. 25,561.

**Proof insufficient to show a gift.**
Evidence showing only an intention to make a gift without proof of delivery of the subject matter, actual or constructive, fails to show a gift.

Gifts, 28 C. J. p. 629 n. 51; p. 630 n. 66; p. 634 n. 94.

See L. R. A. 1916E, 283; 12 R. C. L. p. 932; 2 R. C. L. Supp. p. 1512; 4 R. C. L. Supp. p. 778; 5 R. C. L. Supp. p. 664.

Action in the municipal court of Minneapolis against the executor of the estate of William Stinson Moran, deceased, for alleged conversion of bonds. The case was tried before Baldwin, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Elliott, Doll & Coursolle*, for appellant.

*Kelly, Bauers & Carlson*, for respondent.

PER CURIAM.

Action against an executor for an alleged conversion of bonds claimed to have been the subject of a gift inter vivos from the testator to plaintiff. After a trial without a jury and a decision for defendant, plaintiff appeals from an order denying her motion for a new trial.

Any detailed discussion of the evidence would be out of place. The most that is shown is that during his last illness the testator expressed an intention to give the bonds in question to plaintiff. He said he wanted her to have them. It is clear, however, that he intended to procure an adjustment under certain outstanding commitments for the purchase of other bonds before consummating the

[1] Reported in 210 N. W. 147.

gift. There was no delivery, actual or constructive. The intention to make it does not consummate a gift. To accomplish that there must be a delivery, actual or constructive, of the subject matter. The donor must part finally with dominion over the property. For cases in point see Dun. Dig. § 4026.

Order affirmed.