MARGARET E. EXSTED v. GILBERT OTTO AND ANOTHER.[1]

May 13, 1938.

No. 31,668.

*Dell K. Steuart,* for appellant.
*Joseph P. O'Hara,* for respondent.

HOLT, JUSTICE.

Appeal from the order denying plaintiff a new trial.

Plaintiff as administratrix of the estate of Harry H. Exsted, deceased, sued in replevin to recover a diamond ring or its alleged value of $500. No bond was given and no writ was issued. When plaintiff rested defendant's motion for a dismissal for total failure of proof was granted. Plaintiff moved for a new trial.

The first contention is that the court erred in granting a dismissal when plaintiff rested. The burden was on plaintiff to prove title and right of possession of the ring in her decedent at the time of his death. To do so she testified that she was the former wife

[1]Reported in 279 N. W. 559.

of deceased, by whom she had a boy, now five years old; that before she married the deceased he had and wore this ring; that she saw him wear it some three weeks prior to his death; that she had demanded it of defendant, who refused to give it to her, claiming that the deceased had given it to him before he died. She also called defendant for cross-examination and elicited this:

Q. "You have a diamond ring in litigation in this lawsuit, Mr. Otto?

A. "Yes, I have it.

Q. "And from whom did you get this diamond ring?

A. "Dr. Exsted.　*　*　*

Q. "When did you get this ring?

A. "The doctor gave it to me Sunday morning.　*　*　*

Q. "And when did the doctor die?

A. "Tuesday morning."

It seems to us that this evidence is entirely insufficient to show title and right of possession in plaintiff's decedent at the time of his death. In some of the questions put to plaintiff and to defendant one may infer that the latter was with the doctor on a trip to Iowa at the time of his death; but there is no evidence as to the facts concerning this trip. Plaintiff had no personal knowledge of the matter, and defendant was asked nothing in regard thereto. It does not appear whether the doctor's death was sudden and unexpected, or in what condition he was in Sunday when defendant got the ring or between that occasion and Tuesday morning when he died. It was not brought out where or under what circumstances death occurred. We think that as the evidence was when plaintiff rested the court did not err in granting defendant's motion to dismiss for failure of proof. Plaintiff relies on the proposition that where a fact of a continuous nature is shown to exist at a certain time there is a presumption of law that it continues to exist, at least for a reasonable time. However, this may scarcely be said of the title and possession of a diamond ring, title and possession to which is so often transferred by gift, pledge, or otherwise. A diamond ring is not like a business conducted by a party at the

time of his demise, as was the case of Pound v. Pound, 60 Minn. 214, 62 N. W. 264, cited by plaintiff. Cases in respect to real property, such as Smith v. City of St. Paul, 72 Minn. 472, 75 N. W. 708, also cited by plaintiff, where title ordinarily changes by written instruments, are not like the passing of title and possession of a ring.

Did the court err in the exclusion of evidence which would justify a new trial? It is clear that whether or not the doctor had lent defendant $50 "December 10, 1935, just before leaving on this trip," or whether defendant was indebted to the doctor on a note could have no materiality or relevancy to the issue on trial, viz., the title and right of possession of the ring. Had the evidence received disclosed the facts regarding defendant's relationship with Dr. Exsted, how defendant came to be with him, and the circumstances of the illness and death of the doctor that would have thrown suspicion on defendant's assertion that the ring was given him by the doctor two days before the latter's death, we should have held that it was error to sustain the objection to plaintiff's offer to prove that defendant laid claim to an automobile of the doctor's. But it must be remembered that under the pleadings the burden was on plaintiff to prove title and right of possession to the ring in her decedent at the time of his death. She showed no more than that her decedent wore the ring when she married him and she saw him wear it about three weeks before his death, and that he gave it to defendant two days before he died. Before she could make use of collateral matters in aid of her asserted title, she should have made proof of facts and circumstances, such as above indicated, that would tend to question defendant's title and right of possession. Where collateral matters are sought to be introduced, the trial court has a rather wide discretion in determining whether or not a sufficient foundation has been laid so that the offered proof might be of some value upon the issue being tried. We do not think plaintiff has shown an abuse of discretion in this instance.

This is not a case like Quarfot v. Security Nat. B. & T. Co. 189 Minn. 451, 249 N. W. 668, relied on by plaintiff, where the plaintiff sued in replevin and had the burden of proving title and right of

possession and undertook to do so by proving that the notes involved were a gift, and it was held the competent evidence was insufficient to establish a gift. Plaintiff also cites Matejka v. Reider, 62 S. D. 335, 252 N. W. 878. There the defendant to the action in replevin answered that the warrants involved were received as gifts *causa mortis* from her husband, the plaintiff's decedent. Of course the burden of proof was there on the defendant. The same was the case in Roberts v. Morse, 190 Iowa, 1344, 181 N. W. 678, also cited by plaintiff herein. And such also was the situation in the cited case of Yardum v. Evans, 120 Neb. 699, 235 N. W. 85, a suit in equity brought by the executor to recover of defendant certain securities alleged to have been in the possession of defendant as agent and confidential adviser of testator at and prior to his death. Defendant by his answer claimed them as a gift *causa mortis*. Certainly the burden of proof was there rightly placed on the defendant.

The dismissal here was for failure of proof. It does not dispose of the case on the merits. We think the court's exclusion of the offer to prove defendant's claim to some other property than the ring cannot entitle her to a new trial in the absence of any other evidence indicating a material bearing on the issue on trial.

Affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.