## NIC DEONES v. HUBERT ZECHES, SUBSTITUTED AS DEFENDANT IN PLACE OF MERCHANTS BANK OF WINONA.[1]

April 10, 1942.

No. 33,089.

[1]Reported in 3 N. W. (2d) 432.

*Galvin & Beatty,* for appellant.
*S. D. J. Bruski* and *George, Owen & Brehmer,* for respondent.

LORING, JUSTICE.

Action against the Merchants Bank of Winona on a cashier's check for $500 drawn by the bank payable to plaintiff. The bank answered and moved to be permitted to pay the $500 into court and to have substituted as defendant one Zeches, who had purchased the check from the bank and who claimed the proceeds, and that the bank be discharged as a party to the action. Plaintiff demurred to the answer but did not notice it for hearing. The bank's motion was heard and granted. Zeches answered, and plaintiff proceeded to litigate the question whether he or Zeches was entitled to the $500. The jury returned a verdict for Zeches, and judgment was entered thereon. Plaintiff appeals from the judgment solely on the ground that the trial court erred in discharging the bank and in ordering Zeches substituted in its place.

As far as disclosed by the record, the motion for interpleader was argued and the resulting order was based upon plaintiff's unverified complaint and the bank's verified answer. There was no reply. Therefore, in determining the validity of the order, only these pleadings should be considered by us, and in case of conflict, the bank's verified answer must be taken as true.

The plaintiff alleged that Zeches on July 10, 1940, agreed to purchase certain property from him and that Zeches delivered $500 to the bank for the purpose of paying plaintiff that amount as down payment; that the bank issued its cashier's check, negotiable in form and naming plaintiff as payee; that plaintiff accepted the check as down payment and negotiated it to his lessor; that his lessor presented it to the bank for payment on July 11, 1940, but the bank refused to honor it; that the lessor returned it to plaintiff, who now owns it.

The bank in its answer admitted issuing the check in which plaintiff was named as payee, but alleged that the check was purchased by Zeches and issued by the bank to him "for the purpose of enabling said Zeches to deposit it with plaintiff as an .earnest money deposit under a contract by which plaintiff agreed, among other things, to assign a certain lease he then held expiring not earlier than April 1, 1945, and by the terms of which contract the plaintiff agreed that said sum should be returned to and belong to said Hubert Zeches if said contract was not complied with"; that Zeches notified the bank before the check was presented that plaintiff had not and could not fulfill his contract and demanded that the bank stop payment and return the $500 to him; that plaintiff also demanded payment of the check; that the bank had no interest in the money and was willing to pay it into court; that the bank had no way of determining who was entitled to the money and prayed that Zeches be substituted in its place.

Interpleader in Minnesota is authorized by Mason St. 1927, § 9261, which provides:

"In an action for the *recovery of money upon contract,* or of specific real or personal property, if any person not a party to the action demands of the defendant *the same debt* or property, the defendant may move the court to substitute such claimant as defendant in his stead, and that he be permitted to pay the money into court, or deliver the property or its value to such person as the court may direct. If it be made to appear that such demand is without collusion with the defendant, the motion may be granted, and upon compliance with the order the defendant shall be discharged. Thereafter the action shall proceed against the substituted defendant, and the court may compel the parties to interplead."

Plaintiff contends that the action was not upon contract, that he and Zeches were not demanding the same debt, and that consequently interpleader should not have been allowed.

Plaintiff's first contention is not well taken, for, clearly, an action upon a cashier's check is an action upon contract within the contemplation of the statute. *Cf.* Metropolitan Nat. Bank v. Hennepin County Sav. Bank, 149 Minn. 367, 183 N. W. 821 (interpleader sought, action upon a certified check held to be upon a contract).

Plaintiff's second contention is premised upon the theory that he had an independent cause of action against the bank upon the cashier's check. 4 Pomeroy, Equity Jurisprudence (4 ed.) § 1322, p. 3172, lists as separate requirements for equitable interpleader, among others:

"1. The same thing, debt, or duty must be claimed   *   *   *; 4. He [one seeking interpleader] must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder."

Our statute does not require element 4, but in Cullen v. Dawson, 24 Minn. 66, 72, the court stated that one seeking interpleader "must not have incurred a personal obligation to one of the defendants." A similar statute authorized interpleader at that time though the court did not mention it in its decision.

A cashier's check is merely a bill of exchange, see 7 Zollmann, Banks and Banking (Perm. ed.) § 4691, p. 220, and even though negotiable in form, as was the check here involved, it is not the equivalent of money. The drawer bank does in certain circumstances have a valid defense against the holder, and payment of the check can be stopped. In fact, the court in the very case most relied upon by plaintiff, Drinkall v. Movius State Bank, 11 N. D. 10, 88 N. W. 724, 57 L. R. A. 341, 95 A. S. R. 693, held that payment of a cashier's check could be stopped by the purchaser as against one not a holder in due course.

The check was a negotiable instrument, and in our view Minn. St. 1927, § 7059 (N. I. L. § 16), controls. That section states:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been * * * for a special purpose only, and not for the purpose of transferring the property in the instrument."

Plaintiff was an immediate party to the instrument as well as a party to the agreement pursuant to which the check was issued. It appears from the pleadings that the check was issued for the purpose of representing an earnest money deposit, which was to be "returned to and belong to" Zeches in case plaintiff failed to perform his agreement with him. On the facts then before it, the trial court was justified in finding that there had been a delivery of the check for a special purpose only, not for the outright transfer of the instrument, but only for the purposes of and subject to the contract, and that the bank was an indifferent debtor as between plaintiff and Zeches. Thus, plaintiff did not have an independent cause of action against the bank.

Gilbert v. Pioneer Nat. Bank, 206 Minn. 213, 288 N. W. 153, is a comparable case. There the drawee bank, the defendant, certified an ordinary check payable to the city of Duluth at the drawer's request, pursuant to an agreement that the check was to be used by the drawer as security for a bid. The city refused the bid, and while the check was still in its hands a judgment creditor of the drawer garnished it. Plaintiff as receiver sued the drawee on the check, and this court allowed the bank to successfully defend under § 7059, holding that the check had been delivered for the special purpose of the contract.

The order of interpleader was justified.

Order affirmed.