# THE LAURA BAKER SCHOOL v. MRS. S. R. PFLAUM.[1]

December 19, 1947.

No. 34,455.

*Best, Flanagan, Rogers, Lewis & Simonet* and *Charles S. Bellows,* for appellant.

*C. O. Lundquist* and *Victor M. Petersen,* for respondent.

MAGNEY, JUSTICE.

Defendant appeals from a judgment for plaintiff on the pleadings.

Plaintiff conducts a school in the city of Northfield for the education and training of subnormal persons. Rosa Morris, a cousin of defendant, was a resident of the institution from June 17, 1931, until her death on August 29, 1946. Defendant had not contributed to the support of Rosa, and the record discloses no obligation on her part to do so.

On August 23, 1946, defendant drew a check as follows:

---

[1]Reported in 30 N. W. (2d) 290.

"Mrs. S. R. Pflaum
 510 Groveland                                                       No. 514
         Minneapolis, Minn.              August 23rd, 1946
"Pay to the
      order of............The Laura Baker School, Inc.....$5000.00
"Five thousand no/100...............................Dollars
· "Northwestern National Bank
         of Minneapolis
"17-1 Minneapolis, Minn. 17-1
                                      "Mrs. S. R. Pflaum"

On the same day defendant transmitted the check by mail to plaintiff, together with the following letter:

                                      "August 23rd, 1946.
"The Laura Baker School, Inc.
 Northfield, Minnesota.

"Gentlemen:
    "I deeply appreciate the very good work your Home has been doing in the care and development of the residents at your school.
    "I am enclosing a gift of $5,000.00, which gift is unrestricted and may be used for your general purposes.
                          "Very truly yours,
"Enc.                         (Mrs. S. R. Pflaum)"

Before the check was presented to the bank for payment defendant stopped payment.

Action was brought on the check. Defendant in her answer set out the facts above outlined. Plaintiff in its reply did not deny these allegations by defendant. It moved for judgment on the pleadings on the ground that the answer did not state a defense. Defendant made a motion for an order striking the reply as sham and frivolous and for an order granting her judgment for costs and disbursements. The court ordered judgment for plaintiff.

The question is not whether an action may be maintained on the check, but whether, as stated by the trial court, "the delivery of a

check constitutes an executed gift even though the drawer of the check, prior to the time that it is presented to the bank for payment, subsequently directs the bank upon which it is drawn to stop payment"; in other words, whether the delivery of the check upon which this action is brought constituted a completed valid gift *inter vivos*.

A check is not money. It is an unconditional written order on a bank. The delivery of a check is not a delivery of money, but the delivery of an order. The uniform negotiable instruments act, M. S. A. 335.73, defines a check as follows:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check."

And a bill of exchange is defined thus by § 335.49:

"A bill of exchange is an unconditional order, in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay, on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer."

Payment of a check may be stopped by notifying the drawee bank before it is presented for payment. Taylor v. First Nat. Bank, 119 Minn. 525, 138 N. W. 783, Ann. Cas. 1914A 1302; Johnson v. First State Bank, 144 Minn. 363, 175 N. W. 612, 9 A. L. R. 960; Deones v. Zeches, 212 Minn. 260, 3 N. W. (2d) 432.

We must determine from the pleadings whether the check and its delivery constituted a valid gift *inter vivos*. This depends upon whether all the elements required to constitute a gift *inter vivos* are present and set out in the pleadings. In Owens v. Owens, 207 Minn. 489, 496, 292 N. W. 89, 93, this court detailed the requisites when it said:

"The legal elements of a gift are (1) delivery, (2) intention to make a gift on the part of the donor, and (3) absolute disposition

by him of the thing which he intends to give to another. McDonald v. Larson, 142 Minn. 244, 171 N. W. 811; Logenfiel v. Richter, 60 Minn. 49, 61 N. W. 826; Roeser v. Ryckman, 121 Minn. 56, 140 N. W. 126; Hooper v. Vanstrum, 92 Minn. 406, 100 N. W. 229; Gagne v. Hayes, 168 Minn. 413, 210 N. W. 147; Quarfot v. Security Nat. B. & T. Co. 189 Minn. 451, 249 N. W. 668; Wunder v. Wunder, 187 Minn. 108, 244 N. W. 682."

In Larkin v. McCabe, 211 Minn. 11, 25, 299 N. W. 649, 656, in commenting on the evidence in that case offered to establish the gift of a bond, this court said:

"* * * All the elements of a gift *inter vivos* were proved—intention to make a gift, delivery to the donee, absolute disposition of the property given, acceptance by the donee, and admitted mental competency of the donor."

Applying those necessary elements to the facts in the instant case, we find that there was an intention to make a gift, a delivery of the check to the donee, and acceptance by the donee. Mental competency of the donor was not an issue. However, one of the elements required to constitute a gift *inter vivos* was lacking. There was not an absolute disposition by the donor of the gift which she intended to give plaintiff. The donor had the power of revocation, which she exercised before the check was presented to the bank for payment. The rule is stated in 24 Am. Jur., Gifts, § 95, as follows:

"The rule in most jurisdictions appears to be settled that the donor's check, prior to acceptance or payment by the bank, is not the subject of a valid gift either inter vivos or causa mortis. The difficulty with respect to a gift of the donor's check, if the check does not operate as an assignment, is that the mere delivery of the check to the donee or to some other person for him does not place the gift beyond the donor's power of revocation, prior to payment or acceptance. Moreover, there is the further consideration, if the check does not operate as an assignment, that the death of the drawer works a revocation of the check, so that where the check

is intended as a gift causa mortis and the donor dies before payment or acceptance, the death revokes the gift."

The court in directing judgment for plaintiff here relied on Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 A. S. R. 694, 10 Ann. Cas. 473. Plaintiff also bases its right to recovery on that decision. That case was decided prior to the adoption in this state of the uniform negotiable instruments act. There, a check on a bank for the entire amount of the drawer's credit therein was delivered as a gift *causa mortis* to a person other than the donee, for his use and benefit, with instructions to deliver the same to the donee. It was not presented for payment until after the drawer's death. Though unaccepted by the bank, the court held that the check operated as an assignment of the fund and was valid as a gift *causa mortis*. The court proceeded upon the theory that (100 Minn. 338, 111 N. W. 271) "the passing of a present legal title is not essential to a valid gift, that an equitable title is sufficient, and that such a title becomes vested in the donee at the time the check is delivered and becomes absolute on the death of the donor. That an equitable title is sufficient in such cases is supported by a long list of authorities."

In the Varley case the check covered the whole deposit. In the instant case, there is nothing to indicate that the check was drawn for more than a part of the bank deposit. And in First Nat. Bank v. McConnell, 103 Minn. 340, 343, 114 N. W. 1129, 1130, 14 L.R.A.(N.S.) 616, 123 A. S. R. 336, 14 Ann. Cas. 396, decided after the Varley case, the court said:

"* * * The question whether a check for a part of a bank deposit is in equity an assignment pro tanto of the drawer's funds is an open question in this state. Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828."

The uniform negotiable instruments act made several material changes in the law of negotiable instruments in this state, and one of them covered the question whether a check for all of a bank

deposit or for a part of it operates as an assignment of the drawer's funds on deposit in a bank. M. S. A. 335.743 provides:

"A check of itself does not operate as an assignment of *any* part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." (Italics supplied.)

Plaintiff contends that this statute is intended merely as a protection to the drawee bank. It of course plainly states that the drawee bank is protected unless and until it accepts or certifies the check. It is more than that. It states equally plainly that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank.

It is our opinion that since defendant, the donor, did not part finally with dominion over the gift in question and exercised her power of revocation before the check was presented to the bank for payment delivery of the check was not a valid gift *inter vivos,* and that the trial court was in error in so holding. It should have stricken the reply on defendant's motion and rendered judgment for defendant for her costs and disbursements.

Judgment reversed with directions to enter judgment for defendant for her costs and disbursements.